IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MANUEL NIEVES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 13-1273-GMS |
| ) | |
| DAVID PIERCE, Warden, and ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM

### I.   BACKGROUND

In March 2002, a Superior Court jury convicted Nieves of twenty counts of first degree rape, ten counts of second degree unlawful sexual contact, one count of second degree rape, and one count of continuing sexual abuse of a child. *See Nieves v. State*, 2005 WL 1200861, at *1 (Del. May 18, 2005). The Superior Court sentenced Nieves to 322 years of imprisonment on May 24, 2002. Nieves appealed, and the Delaware Supreme Court affirmed his convictions and sentence. *Nieves v. State*, 817 A.2d 804 (Table), 2003 WL 329589 (Del. Feb. 11, 2003).

In 2008, this court denied as time-barred Nieves' first petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *See Nieves v. Phelps,* 2008 WL 1743435 (D. Del. Apr. 16, 2008). Recently, Nieves filed a new petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition"), asserting two grounds for relief: (1) his constitutional rights were violated because a videotaped testimonial statement was submitted to the jury in violation of 11 Del. Code Ann. § 3507; and (2) defense counsel provided ineffective assistance. (D.I. 1)

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). Notably, a habeas petition is not considered second or successive simply because it follows a prior petition. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

The instant petition is Nieves' second request for habeas relief with respect to his 2002 convictions and sentences. Nieves' first federal habeas petition was denied as time-barred, which constitutes an adjudication on the merits. *See Murray v. Greiner*, 394 F.3d 78, 80 (2d Cir. 2005). In addition, Nieves already presented the two claims asserted in the instant petition during his first habeas proceeding in this court. For these reasons, the court concludes that the instant petition constitutes a second or successive habeas petition within the meaning of § 2244.

The record reveals that Nieves did not obtain permission from the Third Circuit Court of Appeals before filing his pending habeas request. Accordingly, the court will dismiss the instant unauthorized second or successive petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive

habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

The court will also decline to issue a certificate of appealability because Nieves has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV. CONCLUSION

For the aforementioned reasons, the court will deny Nieves" § 2254 petition for lack of jurisdiction because it constitutes an unauthorized second or successive habeas petition under 28 U.S.C. § 2244. A separate order will be entered.

Dec 13, 2013
DATE

CHIEF UNITED STATES DISTRICT JUDGE

3